# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 98-10296
Summary Calendar

---

SOHERLA MIRAKHORLI,

Plaintiff-Appellant,

versus

HILTON HOTEL, ET AL.,

Defendants,

DFW MANAGEMENT COMPANY;
METRO HOTELS, INC.,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Northern District of Texas
(3:94-CV-1464-D)

---

December 9, 1998

Before POLITZ, Chief Judge, HIGGINBOTHAM and SMITH, Circuit Judges.

POLITZ, Chief Judge:[*]

Soheyla Mirakhorli filed a *pro se* complaint against her former employer,

DFW Management Company and other parties, asserting claims under Title VII,

42 U.S.C. § 2000e, *et seq.*, and state law. She appeals the adverse judgment. We

affirm in part and vacate and remand in part.

## BACKGROUND

Mirakhorli worked as a waitress from 1989 until early 1994 at a restaurant

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which was part of the hotel managed by DFW Management.  In March 1993, Pete Gutierrez became manager of the restaurant and, as such, Mirakhorli's direct supervisor.  In October 1993, Mirakhorli complained that Gutierrez was sexually harassing her.  The human resources director commenced an investigation but found no evidence of sexual harassment.  Nonetheless, she admonished Gutierrez that he would be terminated if he retaliated against Mirakhorli and conducted a training session on sexual harassment attended by Gutierrez.  In early 1994, Mirakhorli was terminated for violating the company's no-fault late/absence policy.

Mirakhorli filed suit, alleging, *inter alia*, retaliation and hostile work environment.  The district court granted defendants' uncontested motion for summary judgment to the extent defendants requested dismissal of Mirakhorli's retaliation claim, but denied defendants' motion for summary judgment as it related to the hostile work environment claim.  The district court found that Guitierrez had sexually harassed Mirakhorli, but that defendants had taken prompt and appropriate remedial action after being made aware of the harassment.  Based thereon, the court concluded that defendants could not be held liable for the sexual harassment and entered judgment in their favor.

Mirakhorli, now represented by counsel, contends that the district court abused its discretion in refusing her request for court-appointed counsel; erred in granting summary judgment on the retaliation claim; erred in refusing to grant her motion for a new trial on the retaliation claim; and misapplied the law on the

hostile work environment claim.

## ANALYSIS

We review the decision not to appoint counsel for abuse of discretion,[1] factual conclusions for clear error,[2] and legal conclusions *de novo*.[3] To determine whether a grant of summary judgment was proper, we apply "the same criteria used by the district court in the first instance."[4] Summary judgment should issue if the evidence submitted by the parties "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[5]

### A. Denial Of Court-Appointed Counsel.

Appointment of counsel under Title VII may be made "in such circumstances as the court may deem just."[6] To determine whether counsel should be appointed, we consider: "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel."[7] In denying Mirakhorli's motion, the magistrate judge applied the proper precedents and reached a defensible conclusion. We decline to

---

[1] **Gonzalez v. Carlin**, 907 F.2d 573 (5th Cir. 1990).

[2] Fed. R. Civ. P. 52(a); **Pierce v. Texas Dep't of Criminal Justice**, 37 F.3d 1146 (5th Cir. 1994).

[3] **Douglas v. DynMcDermott Petroleum Operations Co.**, 144 F.3d 364 (5th Cir. 1998).

[4] **Pfau v. Reed**, 125 F.3d 927, 934 (5th Cir. 1997)

[5] Fed. R. Civ. P. 56(c).

[6] 42 U.S.C. § 2000e-5(f)(1).

[7] **Gonzalez**, 907 F.2d at 580.

second guess the decision of the court *à quo*. We perceive no abuse of discretion.

## B.    Retaliation Claim.

To state a claim for retaliation in violation of Title VII, the plaintiff must show that: (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. If the plaintiff makes out a *prima facie* case of retaliation, the employer has an opportunity to articulate a legitimate, nondiscriminatory reason for the adverse employment action. Once the employer does so, the plaintiff must prove that the articulated reason is merely a pretext for retaliation.[8] Failure by the plaintiff to offer evidence that could lead a rational trier of fact to find pretext warrants entry of judgment on the employer's behalf.[9]

The district court assumed that Mirakhorli established a prima facie case of retaliation but found that defendants had articulated a legitimate, nondiscriminatory reason for her suspension and subsequent termination: repeated tardiness and absence. Mirakhorli introduced no evidence in rebuttal. In opposition thereto, on appeal Mirakhorli's counsel relies on her conclusionary assertion that defendants retaliated against her. This mere submission does not establish pretext. Nor may the summary judgment be faulted by reference to evidence that Mirakhorli did not introduce in the summary judgment record. Thus, we affirm the district court's grant of partial summary judgment to defendants.

---

[8]**See** 42 U.S.C. § 2000e-3(a); **DynMcDermott Petroleum Operations Co.**, 144 F.3d at 372; **Shirley v. Chrysler First, Inc.**, 970 F.2d 39 (5th Cir. 1992).

[9]Fed. R. Civ. P. 56(e).

## C.     Denial Of Motion For New Trial.

Mirakhorli contends that the district court erred in refusing to grant a new trial on her retaliation claim once she obtained counsel.  Inasmuch as no trial was ever held on the retaliation claim this assignment of error necessarily must be that the district court erred in refusing to reconsider the dismissal of the retaliation claim.  Mirakhorli provided the district court with only one reason to justify the request for reconsideration: to allow admission of evidence that was not earlier introduced because of her failure to respond to defendants' motion for summary judgment despite warnings by the district court of her duty to do so.  Apparently it is believed that Mirakhorli's *pro se* status, in and of itself, entitles her to a "second bite at the apple."

Courts must be vigilant to ensure that inartful pleading or technical violations by a *pro se* litigant do not torpedo a legally sustainable claim.  In giving due leniency to the lawyerless litigant, however, courts cannot excuse noncompliance with, or disregard of, the federal rules of civil procedure or court orders.[10]  A review of the record persuades us that the district court nimbly straddled the boundary between extravagant permissiveness and rigid adherence to formality.  The district court's refusal to reconsider was neither error nor abuse of discretion.

## D.     Hostile Work Environment Claim.

---

[10]**See Birl v. Estelle**, 660 F.2d 592 (5th Cir. 1981); **see also Kersh v. Derozier**, 851 F.2d 1509 (5th Cir. 1988).

The district court, relying on **Pfau v. Reed**,[11] found that defendants could not be held liable for the sexual harassment because they took prompt and appropriate remedial action when they became aware of Mirakhorli's allegations. After the district court entered judgment, the Supreme Court issued two opinions -- **Burlington Industries, Inc. v. Ellerth**[12] and **Faragher v. City of Boca Raton**[13] -- adjusting the applicable law. Therefore, we must vacate the district court's judgment on Mirakhorli's hostile work environment claim and remand to the district court for reconsideration in light of the intervening decisions in **Ellerth** and **Faragher**.

AFFIRMED IN PART AND VACATED AND REMANDED IN PART.

---

[11]125 F.3d at 934-35, 940-41.

[12]118 S. Ct. 2257 (1998).

[13]118 S. Ct. 2275 (1998).